Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUSAN E. COX | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1573 (App. No. 13-1456) | **DATE** | 4/9/2013 |
| **CASE TITLE** | Lavelle Watts, Jr. (#43291-424) vs. Officer Josh Sawyer | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to appeal *in forma pauperis* [#81] is denied. The court certifies that the appeal is not taken in good faith and orders the plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [**For further details see text below.**]     **Docketing to mail notices.**

## STATEMENT

    The plaintiff, Lavelle Watts, brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claimed that the defendant, a Joliet police officer, violated the plaintiff's constitutional rights by using unjustified force against him during the course of an arrest. After hearing the evidence, a jury returned a verdict in favor of the defendant.

    The plaintiff has filed a notice of appeal from the final judgment entered on February 14, 2013. Although the plaintiff was represented by an attorney throughout the district court proceedings, he is pursuing his appeal *pro se* in light of counsel's withdrawal from this case. The plaintiff is currently in federal custody after being indicted for assaulting the defendant in open court upon learning the verdict.

    The plaintiff's motion for leave to appeal *in forma pauperis* is denied. The plaintiff has articulated no tenable basis for appeal. In his notice of appeal, the plaintiff makes the conclusory assertion that the jury's verdict was "contrary to the evidence and the law." (*See* document No. 74, ¶ 3.) He additionally maintains, in his affidavit in support of his motion for permission to appeal *in forma pauperis*, that the verdict was based on "perjured testimony." (*See* document no. 81, Exhibit A.) However, notwithstanding the plaintiff's insistence that an unidentified witness (or witnesses) lied on the stand, the jury was entitled to assess the parties' credibility and reach its own conclusions. The jury unanimously agreed that the plaintiff failed to prove his case by a preponderance of the evidence. Accordingly, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Under the rules of the U.S. Court of Appeals for the Seventh Circuit, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, the plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

In sum, the plaintiff's motion for leave to appeal *in forma pauperis* is denied. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If the plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.